**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OBE E. JOHNSON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 22-64** |
| | : | |
| **UNITED STATES DISTRICT COURT** | : | |
| **OF PHILADELPHIA** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                         **January 18, 2022**

Obe E. Johnson seeks a writ of mandamus for COVID-19 aid or help. He sues the United States District Court of Philadelphia. He alleges he is a resident and business owner in Philadelphia. He swears he is sending us a prison bank account deposit slip and requesting we "use this deposit slip for an example for the deposit of the COVID-19 aid money for [him], deposit should be in the 1 First Bank."[1] He attaches his bank slip, his business license, and a decision from the United States Court of Appeals for the First Circuit to his Complaint.[2] Mr. Johnson sues the wrong party and fails to state a claim.

We grant Mr. Johnson leave to proceed without paying the filing fees given his present sworn indigency and financial status. Congress directs we dismiss a claim filed without paying fees which we find frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[3] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii), we apply the same standard used under Federal Rule of Civil Procedure 12(b)(6).[4] Under Rule 12(b)(6), we accept all factual allegations in Mr. Johnson's complaint as true and construe those facts in the light most favorable to him to determine whether he states a claim to relief plausible on its face.[5] We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a

pro se litigant's pleadings …'"[6] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[7]  But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[8]

We liberally construe Mr. Johnson's complaint as seeking a writ of mandamus directing the "United States District Court for Philadelphia" to provide him COVID-19 monetary relief and deposit it into his bank account.[9]

Congress provides "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[10]  Mr. Johnson is entitled to relief only if "he has exhausted all other avenues of relief and only if the defendant owes him a clear, non-discretionary duty."[11] He must allege an officer or employee of the United States or any agency thereof "owes him a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion. An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt."[12] A writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases.[13]

Mr. Johnson's claim fails because he sues the wrong party and otherwise fails to show he is entitled to a writ of mandamus. Mr. Johnson does not name a proper defendant. The United States District Court for Philadelphia, which we liberally construe as the United States District Court for the Eastern District of Pennsylvania, is not involved in nor does it have responsibility or duty to issue individuals or businesses "COVID-19 aid money." We cannot issue a writ of mandamus ordering the court to deposit COVID-19 relief funds in Mr. Johnson's account.[14] Mr. Johnson also fails to allege he exhausted all other avenues of relief to obtain COVID-19 relief.

Mr. Johnson fails to sue the proper defendant and fails to plead a claim for the extraordinary remedy of a writ of mandamus. We grant him leave to file an amended complaint suing the proper defendant and adequately pleading entitlement to a writ of mandamus or some other claim over which we may exercise our limited subject matter jurisdiction.

---

[1] ECF Doc. No. 2.

[2] *Id.*

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[5] *Id.* (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[6] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[7] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[8] *Id.* (quoting *Mala*, 704 F.3d at 245).

[9] *See, e.g.* ECF Doc. No. 2.

[10] 28 U.S.C. § 1361.

[11] *Tutora v. U.S. Attorney General for the Eastern District of Pa.*, No. 16-195, 2017 WL 2126321, at *8 (E.D. Pa. May 16, 2017) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

[12] *Id.* (internal quotations omitted) (quoting *Harmon Cove Condo. Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (further citations omitted).

[13] *Heckler*, 466 U.S. at 616; *see also Semper v. Gomez*, 747 F.3d 229, 251 (3d Cir. 2014).

[14] *See, e.g. Stackelbeck v. DeSantis,* No. 20-2427, 2021 WL 965498, at *2 (M.D. Fla. Feb. 24, 2021), *report and recommendation adopted*, No. 20-2427, 2021 WL 964035 (M.D. Fla. Mar. 15, 2021) (finding petition failed to state a legally sufficient claim for a writ of mandamus when petitioner sued two United States senators seeking they disburse funds on the Coronavirus Aid,

3

Relief, and Economic Security Act, finding petitioner "unable to demonstrate the Respondents . . . have any clear, non-discretionary duty to disburse funding authorized under the CARES Act or to take any of the other actions listed in the Amended Petition."); *but see Warfield v. Mnuchin*, No. 20-04121, 2020 WL 5849716, at *3 (D.S.D. Oct. 1, 2020) (permitting claim to go forward when plaintiff sued Secretary of Treasury, Commissioner of the Internal Revenue Service, and the United States finding when liberally construing plaintiff's complaint, plaintiff "alleg[es] an indisputable right to certain monies under the CARES Act and claiming the defendants have a nondiscretionary duty to honor that right.").