**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OBE E. JOHNSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  22-64** |
| | : | |
| **INTERNAL REVENUE SERVICE** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                        **September 16, 2022**

An incarcerated citizen *pro se* sues the Internal Revenue Service asking it to send him COVID-19 stimulus checks he claims are owed to him. We granted the incarcerated person leave to proceed without paying the filing fees requiring we screen his complaint for merit before proceeding with issuing summons to begin service.  We screened his amended Complaint. He does not plead whether he exhausted his administrative remedies with the Service. He does not show how exhausting administrative remedies would be futile. We must dismiss his amended Complaint without prejudice for him to timely plead how he exhausted his administrative remedies. We will close the case if he cannot do so under the accompanying Order but nothing in today's result precludes the citizen from pursuing his administrative remedies with the Service and then later sue should he find the Service did not comply with the law.

I.     **Alleged *pro se* facts**

An unidentified government presently incarcerates Philadelphia business owner Obe E. Johnson in Puerto Rico.  Mr. Johnson did not receive Economic Impact Payments, also known as "stimulus checks," from the Acts of Congress granting COVID-19 aid.[1] Mr. Johnson does not plead contact with the Internal Revenue Service seeking the Economic Impact Payments. He also does not plead filing a tax return for the tax years 2020 or 2021. Mr. Johnson now sues the Internal Revenue Service to recover the Economic Impact Payments.[2]

II.     **Analysis**

We granted Mr. Johnson leave to proceed without paying the filing fees given his present sworn indigency and financial status.[3] We granted Mr. Johnson leave to file an amended complaint after Mr. Johnson first sued the wrong party, the "United States District Court for Philadelphia," and failed to state a claim.[4] We construed Mr. Johnson's Motion for leave to file an amended Complaint as an amended Complaint under Section 1915(e)(2)(B)(ii).[5] He now sues the Internal Revenue Service in his amended complaint.[6]

Congress directs we dismiss a claim filed without paying fees which we find frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[7] When considering whether to dismiss a complaint for failure to state a claim under Section 1915(e)(2)(B)(ii), we apply the same standard used under Federal Rule of Civil Procedure 12(b)(6).[8] Under Rule 12(b)(6), we accept all factual allegations in Mr. Johnson's amended complaint as true and construe those facts in the light most favorable to him to determine whether he states a claim to relief plausible on its face.[9]

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a pro se litigant's pleadings . . . .'"[10] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[11] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[12]

Mr. Johnson now sues the proper government agency. The Service is responsible for verifying eligibility for Economic Impact Payments and dispersing the payments.[13] We liberally infer Mr. Johnson is seeking an individual Economic Impact Payment, not a small business payment because small business payments were not in the form of Economic Impact Payments or

"stimulus checks" and Mr. Johnson refers to the Economic Impact Payments or "stimulus checks" more frequently than small business aid.[14]

Economic Impact Payments are a creature of tax law.[15] Congress through the Coronavirus Aid, Relief, and Economic Security Act, codified in part at 26 U.S.C. § 6428 (a), provided emergency financial assistance during the early days of the COVID-19 pandemic through Economic Impact Payments.[16]

In *Rueda*, Judge Hollander recognized Economic Impact Payments under Section 6428 come in the form of a credit against tax owed in the year of the payment.[17] Most credits will only be recognized as a deduction from a taxpayer's tax burden resulting in a larger refund of smaller payment when the taxpayer files his taxes.[18] Economic Impact Payments, however, are an advance tax credit distributed to taxpayers immediately rather than forcing taxpayers to wait until tax season to appreciate the credit.[19]

Congress in 26 U.S.C. § 7422 created a civil action for the correction of a tax refund.[20] The Supreme Court directs section 7422 claims may only succeed if the claimant exhausted all administrative remedies.[21] We liberally construe Mr. Johnson's amended complaint as a section 7422 claim.[22] Our Court of Appeals recognizes incarcerated persons like Mr. Johnson may file a Section 7422 claim to recover Economic Impact Payments but require administrative exhaustion.[23] Administrative exhaustion is required in all "suits 'for the recovery of any internal revenue tax.'"[24] Tax issues concerning the amount of a refund, including the advance payment of tax credit, are first assessed by the Internal Revenue Service.[25] A taxpayer must file (or amend) a tax return, protest the Service's assessment of the tax return, and attend an appeals conference to show he exhausted all administrative remedies.[26] The taxpayer must, at the very least, file a tax return to qualify as a "taxpayer" under Section 7244.[27]

The exhaustion requirement may be waived if the exhaustion process would be "arduous, expensive, and long" and other Judges have found the exhaustion requirement too extreme.[28] For example, Judge Hollander in *Amador* held it would be too extreme to force a class of taxpayers to file their tax returns to challenge a policy withholding Economic Impact Payments because their spouses' did not have a social security number could never provide the taxpayers with relief.[29] Judge Hollander held exhausting the administrative remedies would be "an exercise in futility" because the Coronavirus Aid, Relief, and Economic Security Act excluded the class of taxpayers from receiving Economic Interest Payments.[30]

Mr. Johnson fails to plead exhaustion of all other avenues of relief. Mr. Johnson has not alleged he already filed a tax return or exhausted the Service's other administrative remedies. We find there is no way to construe Mr. Johnson's amended Complaint to show filing a tax return would be useless. Unlike in *Amador*, there is no official policy from the Service or express statutory language automatically preventing Mr. Johnson from obtaining relief. Unlike in *Amador*, Mr. Johnson filing a tax return with the Service may result in an Economic Interest Payment.

## III. Conclusion

Mr. Johnson fails to plead he has already filed a tax return and exhausted the remedies necessary for a Section 7422 claim. We dismiss Mr. Johnson's claim against the Internal Revenue Service without prejudice for Mr. Johnson to timely amend his complaint if he can do so in good faith to establish exhaustion.

---

[1] ECF Doc. No. 17.

[2] ECF Doc. No. 17.

[3] ECF Doc. No. 5.

[4] ECF Doc. No. 5.

---

5 ECF Doc. No. 18.

6 ECF Doc. No. 17.

7 28 U.S.C. § 1915(e)(2)(B).

8 *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

9 *Id.* (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

10 *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

11 *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

12 *Id.* (quoting *Mala*, 704 F.3d at 245).

13 *See* I.R.C. § 6428.

14 ECF Doc. No. 17.

15 *See e.g.*, *Morton v. United States Virgin Islands*, 128 A.F.T.R.2d 2021-7051 (3d Cir. Dec. 29, 2021) (recognizing a section 7422 claim by prisoners seeking Economic Impact Payments has proper standing but still required administrated exhaustion with the Internal Revenue Service); *Rueda v. Yellen*, No. 20-1102, 2022 WL 684143, at *1 (D. Md. Mar. 7, 2022) (recognizing the "stimulus payments" are advanced refunds of a tax credit); *Amador v. Mnuchin*, 476 F. Supp. 3d 125, 144 (D. Md. 2020) (casting Economic Impact Payments as a tax issue, but waiving the administrative exhaustion requirement); *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 675 (N.D. Cal. 2020), *appeal dismissed* (Dec. 11, 2020) (casting Economic Impact Payments as a tax issue and recognizing exhaustion is required for suits to recover any internal revenue tax).

16 PL 116-136, 134 Stat 281; *see also* 26 U.S.C. § 6428 (a); *Morton v. United States Virgin Islands*, 128 A.F.T.R.2d 2021-7051 (3d Cir. Dec. 29, 2021).

17 *Rueda v. Yellen*, 2022 WL 684143, at *1; *see also* 26 U.S.C. § 6428

18 *See, e.g.*, I.R.C. § 32 (earned income tax credit).

19 *Rueda v. Yellen*, 2022 WL 684143, at *1.

20 26 U.S.C. § 7422; *See, e.g.*, *Morton*, 128 A.F.T.R.2d 2021-7051, at *3 n. 6.

21 *United States v. Williams*, 514 U.S. 527, 533 (1995).

22 26 U.S.C. § 7422. *See, e.g.*, *Morton*, 128 A.F.T.R.2d 2021-7051, at *3 n. 6.

---

[23] *Morton*, 128 A.F.T.R.2d 2021-7051, at *3 n. 6.

[24] *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 681 (N.D. Cal. 2020), *appeal dismissed* (Dec. 11, 2020) (quoting *Cohen v. United States*, 650 F.3d 717, 731 (D.C. Cir. 2011)).

[25] *See* IRC § 7422; *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1 (2008).

[26] *See IRS Publication 5, Your Appeal Rights and How to Prepare a Protest if You Disagree*, IRS, https://www.irs.gov/newsroom/taxpayer-bill-of-rights-5 (last updated May 17, 2022). The Internal Revenue Service has also implemented more informal procedures as to Economic Impact Payments to resolve the issue without requiring a Formal Written Protest. *See Economic Impact Payments*, IRS, https://www.irs.gov/coronavirus/economic-impact-payments (last updated May 17, 2022).

[27] *United States v. Williams*, 514 U.S. 527, 533 (1995).

[28] *U.S. Army Corps of Engineers v. Hawkes Co.*, 578 U.S. 590, 601 (2016).

[29] *Amador*, 476 F. Supp. 3d at 144.

[30] *Id.*; *see also* 26 U.S.C. § 6428 (a).